UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SCOTT,

                      Plaintiff,             Civil Action No. 21-12904

v.                                 Terrence G. Berg
                                 United States District Judge

JOHN CHRISTIANSEN, *et al.*,       David R. Grand
                                 United States Magistrate Judge

                      Defendants.
_____/

### REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b), AND TO DENY AS MOOT DEFENDANTS' PENDING MOTION (ECF No. 17)

*Pro se* plaintiff Kenneth Scott ("Scott"), who was incarcerated at the time of filing the complaint in this case, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Michigan Department of Corrections ("MDOC") employees John Christiansen, Michael Desco, and Douglas Krause (collectively, "Defendants"). While somewhat unclear as to his exact claims, Scott alleges that he was involved in a "peaceful protest" at the Central Michigan Correctional Facility ("STF") on April 19, 2020, to contest STF's administrative decision to "begin housing prisoners who recovered from Covid-19." (ECF No. 1, PageID.3). However, he alleges that, out of the "230 prisoners [who] participated in the protest" at STF, "[o]nly 6 [prisoners] being of African American and Islamic belief" were discriminatorily singled out as instigators, given misconduct tickets for inciting a riot, and transferred to the St. Louis Correctional facility. (*Id.*, PageID.3-5).

On July 11, 2022, Defendants filed a motion for summary judgment on the basis of exhaustion, along with a brief in support. (ECF No. 17). Pursuant to E.D. Mich. LR 7.1, Scott's response to this motion was due on or before August 1, 2022. Scott did not file a timely response to Defendants' motion, nor did he move for an extension of time within which to do so.

On August 18, 2022, an Order of Reference was entered referring this case to the undersigned for all pretrial matters, and a copy of that Order was mailed to Scott at his address of record at the Earnest C. Brooks Correctional Facility ("ECF"), "2500 S Sheridan Drive, Muskegon Heights, MI 49444." (ECF No. 18; dkt. entry 8/22/2022). However, on September 6, 2022, the mailing of that Order of Reference was returned as undeliverable, noting "RETURN TO SENDER[;] INMATE PAROLED[;] No forwarding address." (ECF No. 19, PageID.107). Despite Scott apparently being paroled, he did not file a notice of change of address with the Court.

On September 9, 2021, when Scott had yet to file a response to Defendants' motion, the Court issued an Order to Show Cause and to Provide Current Address, which directed Scott to show cause, in writing, on or before **September 26, 2022**, why this case should not be dismissed for his failure to file a response to Defendants' motion for summary judgment. Scott was specifically warned that his failure to respond to the Order to Show Cause by September 26, 2022, may "result in a recommendation that Defendants' motion be granted and/or that Scott's claims be dismissed under Fed. R. Civ. P. 41(b)." (ECF No. 20, PageID.109). The Court also noted that, while "the mailing of this Order to Show Cause to the only address the Court has for Scott – at the ECF – might also be returned as

undeliverable . . . this is all the Court can do at this stage, and it is the litigant who bears the burden of advising the court and the parties of any change of address." (*Id.*, PageID.109-10). Thus, the Court further ordered Scott to "provide the Court with his updated mailing address by **September 26, 2022,**" and specifically warned him that "**[f]ailure to timely update his address with the Court may result in a recommendation that this case be dismissed for failure to prosecute**." (*Id*, PageID.111).

Despite it now being past the deadline, a review of the docket indicates that this Court's Order to Show Cause and to Provide Current Address was again returned as undeliverable noting the same "RETURN TO SENDER[;] INMATE PAROLED[;] No forwarding address," and that Scott has not responded to the Court's Order to Show Cause, provided an updated address with the Court, or filed a response to Defendants' motion.

## II.   ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).

As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. The Court warned Scott that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion for summary judgment or a response to the Court's Order

to Show Cause.  (ECF No. 20).[1]  Yet Scott failed to respond, meaning that the first[2] and third factors weigh in favor of dismissal.  As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Scott's apparent abandonment of his claims.  Finally, given Scott's failure to file responses as ordered, as well as the Court's continued inability to reach Scott due to his failure to provide an updated address, the Court sees no utility in considering or imposing a lesser sanction.  Thus, all of the factors weigh in favor of dismissal for failure to prosecute.[3]

---

[1] While the Court recognizes that its Order to Show Cause was returned as undeliverable, the law makes clear that "[Plaintiff] has the duty to inform the court of any address changes, and it is not incumbent upon this Court or its staff to keep track of [Plaintiff's] current address."  *Brown v. White*, No. 09-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) (internal quotations omitted).; *see also, e.g., Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party … bears the burden of keeping the court apprised of any changes in his mailing address."); *Taylor v. Warren County Regional Jail*, No. 91-5463, 1992 WL 76938, at *2 (6th Cir. Apr. 13, 1992) (same).  Indeed, E.D. Mich. LR 11.2 provides the Court with the authority to dismiss a case for failure to keep it apprised of address changes.  Because Scott failed to heed the Court's specific warning that his failure to timely update his address with the Court may result in a recommendation that this case be dismissed for failure to prosecute, dismissal is appropriate on this basis as well.

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *Id*.  Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id*.

[3] The Court also notes that Defendants attached to their motion the relevant MDOC grievance documents indicating Scott failed to exhaust through Step III any grievances predating the incident at issue in this case (ECF No. 17-3), as well as MDOC misconduct ticket and hearing documents indicating that Scott did not raise any specific claims as to Defendants during his misconduct hearing and rehearing process (ECF No. 17-4).  Thus, Defendants have met their initial burden as the moving party to show that Scott failed to properly exhaust his claims against the Defendants through the process outlined in MDOC Policy Directive 03.02.130, entitled "Prisoner Discipline."  And, because Scott failed to file any response that disputes, much less present evidence disputing, Defendants' arguments and evidence, he failed to "make an affirmative showing with proper

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)).  Here, for the reasons discussed above, Scott has "engaged in a clear pattern of delay" by failing to comply with orders of the Court, failing to provide an updated address, and failing to file papers necessary for the prosecution of his claims.  Under these circumstances, dismissal is appropriate.  *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2.

## III.   RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Scott's complaint **(ECF No. 1)** and his claims against Defendants be **DISMISSED WITH PREJUDICE,** and that Defendants' Motion for Summary Judgment **(ECF No. 17)** be **DENIED AS MOOT**.

Dated: October 6, 2022                s/David R. Grand
Ann Arbor, Michigan                DAVID R. GRAND
                                            United States Magistrate Judge

---

evidence [] to defeat [Defendants'] motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 6, 2022.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
