UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH SCOTT,**<br><br>Plaintiff,<br><br>vs.<br><br>**JOHN CHRISTIANSEN, et al.,**<br><br>Defendants. | 2:21-CV-12904-TGB-DRG<br><br>**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION (ECF NO. 22), DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1), AND DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 17)** |

This matter is before the Court on Magistrate Judge David R. Grand's October 6, 2022 Report and Recommendation ("R&R") recommending that pro se Plaintiff Kenneth Scott's complaint be dismissed for failure to prosecute and Defendants' motion for summary judgment be denied as moot. ECF No. 22. The Court has reviewed the Magistrate Judge's R&R and finds that it is well-reasoned and supported by the applicable law. The Court thus **ACCEPTS** and **ADOPTS** nearly all of the R&R as the Court's findings of fact and conclusions of law.

But the Court disagrees solely with the R&R's ultimate recommendation that Plaintiff's complaint be dismissed with prejudice. Because the Court finds dismissal without prejudice more appropriate, the Court **REJECTS** the R&R's recommendation of dismissal with

1

prejudice. Therefore, Plaintiff's complaint is **DISMISSED without prejudice** and Defendant's motion for summary judgment is **DENIED as moot**.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id*. Where, as here, neither party objects to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

Here, the R&R served by mail to Plaintiff was returned as undeliverable nearly three weeks after it was sent. ECF No. 23. But this issue further supports dismissal for failure to prosecute. The Court has given Plaintiff significant leeway as a pro se party, but Plaintiff has "failed to heed the Court's specific warning that his failure to timely update his address with the Court may result in a recommendation that this case be dismissed for failure to prosecute." ECF No. 22, PageID.117, n.2. Indeed, "it is not incumbent upon this Court or its staff to keep track of [Plaintiff's] current address." *Brown v. White*, No. 09-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) (citations omitted). Rather, this District's Local Rule 11.2 requires Plaintiff to keep the Court apprised of address changes, a duty that the Court attempted to remind Plaintiff of numerous times. ECF Nos. 20, 22.

Accordingly, it is hereby **ORDERED** that Magistrate Judge Grand's Report and Recommendation (ECF No. 22) is **ACCEPTED** and **ADOPTED in part** and **REJECTED in part**. It is **FURTHER ORDERED** that the Plaintiff's complaint (ECF No. 1) is **DISMISSED without prejudice**, and Defendant's motion for summary judgment (ECF No. 17) is **DENIED as moot.**

**IT IS SO ORDERED.**

Dated: October 27, 2022     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE